FILED
ATHENS COUNTY, OHIO

OCT 0 1 2025

*Cindy S. Russell*, CLERK
OF COMMON PLEAS COURT

IN THE COURT OF COMMON PLEAS
ATHENS COUNTY OHIO
CIVIL DIVISION

City of Nelsonville, et al.,          :
                                      :
Plaintiffs and Counterclaim           :      CASE NO: *25CI0315*
Defendants,                           :
                                      :      *McCarthy*
          vs.                         :
                                      :
Gregory Smith, et al.,                :
                                      :
Defendants and Counterclaim           :
Plaintiffs.

**COUNTERCLAIM DEFENDANTS, CITY OF NELSONVILLE, TAYLOR
SAPPINGTON, DEVON TOLLIVER, JONATHAN ROBE, NIC JOSEPH SAUL,
CAMERON PECK, CORY TAYLOR, NANCY SONICK, GREGG CLEMENT
AND OPHA LAWSON'S ANSWER TO DEFENDANT AND COUNTERCLAIM
PLAINTIFFS' COUNTERCLAIM
(Jury Demand Endorsed Hereon)**

Now come Counterclaim Defendants, City of Nelsonville, Taylor Sappington,

Devon Tolliver, Jonathan Robe, Nic Joseph Saul, Cameron Peck, Cory Taylor, Nancy

Sonick, Gregg Clement and Opha Lawson, ("Counterclaim Defendants"), and for their

response and defenses to Counterclaimants' allegations states as follows:

**VENUE, JURISDICTION AND PARTIES**

1. Paragraph 1 of the Counterclaim refers to a legal conclusion for which no response

   is required; otherwise, denied.

2. Paragraph 2 of the Counterclaim refers to a legal conclusion for which no response

   is required; otherwise, denied.

1

3. Paragraph 3 of the Counterclaim refers to a legal conclusion for which no response is required; otherwise, denied.

4. Counterclaim Defendant Nelsonville admits that it is a municipal corporation organized under the laws of the State of Ohio and its own city charter. The remaining allegations contained in Paragraph 4 of the Counterclaim are legal conclusions for which no response is necessary; otherwise, denied.

5. Counterclaim Defendant admits Sappington is an official of the City of Nelsonville and is a current party Plaintiff, in his official capacity only, to the original complaint filed in this matter. The remaining allegations contained in Paragraph 5 are legal conclusions for which no response is necessary; otherwise, denied.

6. Counterclaim Defendants admit Tolliver is an official of the City of Nelsonville, the current chief of police, and was at one time the acting city manager. The remaining allegations contained in Paragraph 6 are legal conclusions for which no response is necessary; otherwise, denied.

7. Counterclaim Defendants deny for want of knowledge the allegations contained in Paragraph 7 of the Counterclaim.

8. Counterclaim Defendants admit that Robe is the City Attorney for the City of Nelsonville. The remaining allegations contained in Paragraph 8 are legal conclusions for which no response is necessary; otherwise, denied.

9. Counterclaim Defendants admit that Saul, Peck, Taylor, Clement, and Lawson are current City Council members. Counterclaim Defendants further admit that until July 28, 2025, Sonick was a member of City Council. The remaining allegations

contained in Paragraph 9 are legal conclusions for which no response is necessary; otherwise, denied.

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S
## FACTS

10. Counterclaim Defendants admit that Mr. Smith was an elected member of City Council for the City of Nelsonville serving during December 2023 through February 12, 2024. The remaining allegations contained in Paragraph 10 of the Counterclaim are denied for want of knowledge.

11. Paragraph 11 refers to a document that speaks for itself; otherwise, denied.

12. Counterclaim Defendants deny the allegations contained in Paragraph 12 of the Counterclaim.

13. Paragraph 13 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

14. Paragraph 14 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

15. Counterclaim Defendants deny the allegations contained in Paragraph 15 of the Counterclaim.

16. Paragraph 16 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

17. Paragraph 17 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

18. Paragraph 18 of Counterclaimants' Counterclaim refers to a legal conclusion for which no response is required; otherwise, denied.

3

19. Counterclaim Defendants deny the allegations contained in Paragraph 19.

20. Paragraph 20 of Counterclaimants' Counterclaim refers to a legal conclusion for which no response is required; otherwise, denied.

21. Paragraph 21 the Counterclaim refers to a document that speaks for itself; otherwise, denied.

22. Paragraph 22 the Counterclaim refers to a document that speaks for itself; otherwise, denied.

23. Paragraph 23 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

24. Paragraph 24 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

25. Counterclaim Defendants deny the allegations contained in Paragraph 25 of the Counterclaim.

26. Counterclaim Defendants deny the allegations contained in Paragraph 26 of the Counterclaim.

27. Counterclaim Defendants deny the allegations contained in Paragraph 27 of the Counterclaim.

28. Counterclaim Defendants deny the allegations contained in Paragraph 28 of the Counterclaim.

29. Initially, Paragraph 29 references other enumerated paragraphs of the Counterclaim and Counterclaim Defendants incorporate their responses to those

paragraphs as if fully reinstated herein. The remaining allegations contained in Paragraph 29 are denied.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT BY CITY OF NELSONVILLE AND TAYLOR SAPPINGTON

30. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 30 of the Counterclaim.

31. Paragraph 31 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

32. Paragraph 32 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

33. Counterclaim Defendants deny the allegations contained in Paragraph 33 of the Counterclaim.

34. As it pertains to the any "independent dut[ies]" owed by the City Auditor, those are legal conclusions for which no response is required. The remaining allegations contained in Paragraph 34 of the Counterclaim are denied.

35. Counterclaim Defendants admits that Mr. Smith served as a Council Member in the months of December 2023, January 2024, and February 2024. The remaining allegations set forth in Paragraph 35 are denied.

36. Admit that Mr. Smith served as Council President in the months of December, 2023 and January, 2024. The remaining allegations outlined in Paragraph 36 of the Counterclaim are denied.

37. Counterclaim Defendants deny the allegations contained in Paragraph 37 of the Counterclaim

38. Counterclaim Defendants deny the allegations contained in Paragraph 38 of the Counterclaim.

39. Counterclaim Defendants deny the allegations contained in Paragraph 39 of the Counterclaim.

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT AGAINST CITY OF NELSONVILLE

40. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 40 of Plaintiffs' Complaint.

41. Paragraph 41 of Counterclaimants' Counterclaim refers to a legal conclusion for which no response is required; otherwise, denied.

42. Paragraph 42 of Counterclaimant's Counterclaim refers to a document that speaks for itself; otherwise, denied.

43. Paragraph 43 of Counterclaimant's Counterclaim refers to a document that speaks for itself; otherwise, denied.

44. Counterclaim Defendants deny the allegations contained in Paragraph 44 of the Counterclaim.

45. Counterclaim Defendants deny the allegations contained in Paragraph 45 of the Counterclaim.

46. Paragraph 46 of the Counterclaim refers to a document that speaks for itself; otherwise, denied.

47. Paragraph 47 of Counterclaimant's Counterclaim refers to a document that speaks for itself; otherwise, denied.

48. Paragraph 48 of Counterclaimant's Counterclaim refers to a document that speaks for itself; otherwise, denied.

49. Paragraph 49 of Counterclaimant's Counterclaim refers to a document that speaks for itself; otherwise, denied.

50. Counterclaim Defendants deny the allegations contained in Paragraph 50 of the Counterclaim.

51. Counterclaim Defendants deny the allegations contained in Paragraph 51 of the Counterclaim.

52. Counterclaim Defendants deny the allegations contained in Paragraph 52 of the Counterclaim.

53. Counterclaim Defendants deny the allegations contained in Paragraph 53 of the Counterclaim.

### THIRD CAUSE OF ACTION – DEFAMATION AGAINST COUNTERCLAIM DEFENDANT CITY OFFICER AND CITY JOHN DOES

54. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 54 of the Counterclaim.

55. Counterclaim Defendants deny the allegations contained in Paragraph 55 of the Counterclaim.

56. Counterclaim Defendants deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Counterclaim Defendants deny the allegations contained in Paragraph 57 of the Counterclaim.

58. Counterclaim Defendants deny the allegations contained in Paragraph 58 of the Counterclaim.

59. Counterclaim Defendants deny the allegations contained in Paragraph 59 of the Counterclaim.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FIRST AMENDMENT, FIRST AMENDMENT RETALIATION**
**AS APPLIED TO THE STATES UNDER THE FOURTEENTH AMENDMENT**
**AGAINST COUNTERCLAIM DEFENDANTS THROUGH 42 U.S.C. § 1983:**
**1) DEVON TOLLIVER IN HIS INDIVIDUAL CAPACITY AND OFFICIAL**
**CAPACITY**
**AS CHIEF OF POLICE AND ACTING CITY MANAGER;**
**2) TAYLOR SAPPINGTON IN HIS INDIVIDUAL CAPACITY AND OFFICIAL**
**CAPACITY AS CITY AUDITOR AND; 3) JONATHAN ROBE IN HIS**
**INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS CITY ATTORNEY**

60. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 60 of the Counterclaim.

61. Counterclaim Defendants deny the allegations contained in Paragraph 61 of the Counterclaim.

62. Counterclaim Defendants deny the allegations contained in Paragraph 62 of the Counterclaim.

63. Counterclaim Defendants deny the allegations contained in Paragraph 63 of the Counterclaim.

64. Counterclaim Defendants admit Sappington, in his official capacity, is a Party-Plaintiff. Counterclaim Defendants deny the allegations contained in Paragraph 64 of the Counterclaim.

65. Counterclaim Defendants admit Robe is the City Attorney. The remaining allegations contained in Paragraph 65 of the Counterclaim are denied.

66. Counterclaim Defendants deny the allegations contained in Paragraph 66 of the Counterclaim.

67. Counterclaim Defendants deny the allegations contained in Paragraph 67 of the Counterclaim.

68. Counterclaim Defendants deny the allegations contained in Paragraph 68 of the Counterclaim.

69. Counterclaim Defendants deny for want of knowledge the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Counterclaim Defendants deny the allegations contained in Paragraph 70 of the Counterclaim.

71. Paragraph 71 of the Counterclaim refers to a document which speaks for itself; otherwise denied.

72. Counterclaim Defendants deny the allegations contained in Paragraph 72 of the Counterclaim. Further, the Counterclaim Defendants are perplexed at the assertion of animus related to this issue in light of the contemporaneous communications with Mr. Smith's counsel at the time, a copy of which is attatched hereto as Exhibit A to this Answer.

73. Counterclaim Defendants deny the allegations contained in Paragraph 73 of the Counterclaim.

74. Counterclaim Defendants deny the allegations contained in Paragraph 74 of the Counterclaim.

75. Counterclaim Defendants deny the allegations contained in Paragraph 75 of the Counterclaim.

### FOURTH CAUSE OF ACTION: ROBE'S FIRST AMENDMENT RETALIATION #1, 42 U.S.C. § 1983

76. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 76 of the Counterclaim.

77. Counterclaim Defendants deny the allegations contained in Paragraph 77 of the Counterclaim.

78. Counterclaim Defendants deny the allegations contained in Paragraph 78 of the Counterclaim.

79. Counterclaim Defendants deny the allegations contained in Paragraph 79 of the Counterclaim.

### FOURTH CAUSE OF ACTION: ROBE'S FIRST AMENDMENT RETALIATION #2, 42 U.S.C. § 1983

80. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 80 of the Counterclaim.

81. Counterclaim Defendants deny the allegations contained in Paragraph 81 of the Counterclaim.

82. Counterclaim Defendants deny the allegations contained in Paragraph 82 of the Counterclaim.

83. Counterclaim Defendants deny the allegations contained in Paragraph 83 of the Counterclaim.

84. Counterclaim Defendants deny the allegations contained in Paragraph 84 of the Counterclaim.

## FOURTH CAUSE OF ACTION: ROBE'S FIRST AMENDMENT RETALIATION #3, 42 U.S.C. § 1983

85. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 85 of the Counterclaim.

86. Counterclaim Defendants deny the allegations contained in Paragraph 86 of the Counterclaim.

87. Counterclaim Defendants deny the allegations contained in Paragraph 87 of the Counterclaim.

88. Counterclaim Defendants deny the allegations contained in Paragraph 88 of the Counterclaim.

89. Counterclaim Defendants deny the allegations contained in Paragraph 89 of the Counterclaim.

## FOURTH CAUSE OF ACTION: SAPPINGTON'S FIRST AMENDMENT RETALIATION #1, 42 U.S.C. § 1983

90. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 90 of the Counterclaim.

91. Counterclaim Defendants deny the allegations contained in Paragraph 91 of the Counterclaim.

92. Counterclaim Defendants deny the allegations contained in Paragraph 92 of the Counterclaim.

93. Counterclaim Defendants deny the allegations contained in Paragraph 93 of the Counterclaim.

94. Counterclaim Defendants deny the allegations contained in Paragraph 94 of the Counterclaim.

95. Counterclaim Defendants deny the allegations contained in Paragraph 95 of the Counterclaim.

## FOURTH CAUSE OF ACTION: TOLLIVER'S FIRST AMENDMENT RETALIATION
### #1, 42 U.S.C. § 1983

96. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 96 of the Counterclaim.

97. Counterclaim Defendants deny the allegations contained in Paragraph 97 of the Counterclaim.

98. Counterclaim Defendants deny the allegations contained in Paragraph 98 of the Counterclaim.

99. Counterclaim Defendants deny the allegations contained in Paragraph 99 of the Counterclaim.

100. Counterclaim Defendants deny the allegations contained in Paragraph 100 of the Counterclaim.

## FOURTH CAUSE OF ACTION: ROBE'S FIRST AMENDMENT RETALIATION #4, SAPPINGTON'S FIRST AMENDMENT RETALIATION #2; TOLLIVER'S FIRST AMENDMENT RETALIATION #2, 42 U.S.C. § 1983

101. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 101 of the Counterclaim.

102. Counterclaim Defendants deny the allegations contained in Paragraph 102 of the Counterclaim.

103. Counterclaim Defendants deny the allegations contained in Paragraph 103 of the Counterclaim.

104. Counterclaim Defendants deny the allegations contained in Paragraph 104 of the Counterclaim.

105. Counterclaim Defendants deny the allegations contained in Paragraph 105 of the Counterclaim.

106. Counterclaim Defendants deny the allegations contained in Paragraph 106 of the Counterclaim.

107. Counterclaim Defendants deny the allegations contained in Paragraph 107 of the Counterclaim.

108. Counterclaim Defendants deny the allegations contained in Paragraph 108 of the Counterclaim.

109. Counterclaim Defendants deny the allegations contained in Paragraph 109 of the Counterclaim.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF FIRST AMENDMENT, FIRST AMENDMENT**
**RETALIATION AS APPLIED TO THE STATES UNDER THE**
**FOURTEENTH AMENDMENT AGAINST COUNTERCLAIM**
**DEFENDANTS THROUGH 42 U.S.C. § 1983:**
**1) NIC JOSEPH SAUL IN HER INDIVIDUAL CAPACITY AND OFFICIAL**
**CAPACITY AS A NELSONVILLE COUNCIL MEMBER AND; 2)**
**CAMERON PECK IN HIS INDIVIDUAL CAPACITY AND OFFICIAL**
**CAPACITY AS A NELSONVILLE COUNCIL MEMBER**
**AND;**
**2) CORY TAYLOR IN HIS INDIVIDUAL CAPACITY AND OFFICIAL**
**CAPACITY AS A NELSONVILLE COUNCIL MEMBER AND; 4) NANCY**

13

**SONICK IN HER INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS A NELSONVILLE COUNCIL MEMBER AND; 5) GREGG CLEMENT IN HIS INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS A NELSONVILLE COUNCIL MEMBER AND; 6) OPHA LAWSON IN HIS INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS A NELSONVILLE COUNCIL MEMBER**

110. Counterclaim Defendants reincorporate all prior responses and denials in response to Paragraph 110 of the Counterclaim.

111. Counterclaim Defendants deny the allegations contained in Paragraph 111 of the Counterclaim.

112. Counterclaim Defendants deny the allegations contained in Paragraph 112 of the Counterclaim.

113. Counterclaim Defendants deny the allegations contained in Paragraph 113 of the Counterclaim.

114. Counterclaim Defendants deny the allegations contained in Paragraph 114 of the Counterclaim.

115. Counterclaim Defendants deny the allegations contained in Paragraph 115 of the Counterclaim.

116. Counterclaim Defendants deny the allegations contained in Paragraph 116 of the Counterclaim.

117. Counterclaim Defendants deny the allegations contained in Paragraph 117 of the Counterclaim.

## COUNTERCLAIM DEFENDANTS' AFFIRMATIVE DEFENSES

**SECOND DEFENSE**

14

118.    The Counterclaim Defendants deny all allegations contained in the Counterclaim not expressly admitted in this Answer.

**THIRD DEFENSE**

119.    Defendant/Counterclaim Plaintiffs have failed to mitigate damages, if any.

**FOURTH DEFENSE**

120.    Defendant/Counterclaim Plaintiffs are barred by the doctrines of waiver, estoppel, laches, unclean hands or by the applicable statutes of limitations.

**FIFTH DEFENSE**

121.    Defendant/Counterclaim Plaintiffs Counterclaim fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**

122.    Defendant/Counterclaim Plaintiffs have failed to join necessary and indispensable parties, or alternatively parties named to this suit have been mis-joind

**SEVENTH DEFENSE**

123.    Defendant/Counterclaim Plaintiffs' claim for damages violates the due process clauses of the Federal and Ohio Constitutions.

**EIGHTH DEFENSE**

124.    Some or all of the claims set forth in Defendant/Counterclaim Plaintiffs Counterclaim filed herein are barred by an intervening and/or superseding cause thereby relieving the Counterclaim Defendants of all and any responsibility.

15

**NINTH DEFENSE**

125.     The damages sustained by the Defendant/Counterclaim Plaintiffs, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than the Counterclaim Defendants and as the result thereof the right of recovery of the Defendant/Counterclaim Plaintiffs against the Counterclaim Defendants must be diminished in whole or in part accordingly.

**TENTH DEFENSE**

126.     Counterclaim Defendants enjoy a qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, et seq. and/or legislative immunity.

**ELEVENTH DEFENSE**

127.     Counterclaim Defendants' actions are protected by a qualified and/or absolute privilege. These Counterclaim Defendants have judicial immunity, qualified immunity, absolute immunity, legislative immunity, a qualified privilege and/or absolute privilege which bars Defendant/Counterclaim Plaintiffs' action.

**TWELFTH DEFENSE**

128.     Defendant/Counterclaim Plaintiffs' claims are subject to the immunities, defenses, and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory immunity.

**THIRTEENTH DEFENSE**

129.     Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq.*

**FOURTEENTH DEFENSE**

130.    Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq.*

**FIFTEENTH DEFENSE**

131.    Defendant/Counterclaim Plaintiffs' claims are barred by the doctrine of collateral estoppel, issue preclusion, *res judicata*, [as set forth in the injunction briefings] failure to join claims and any other defenses which arise out of both the Civil Rules and common law relating to failure to join claims.

**SIXTEENTH DEFENSE**

132.    Counterclaim Defendants reserve the right to additional defenses as this litigation proceeds.

**WHEREFORE**, the Counterclaim Defendants pray that Defendant/Counterclaim Plaintiffs Counterclaim be dismissed with prejudice and that Defendant/Counterclaim Plaintiffs be ordered to pay all costs and reasonable attorney fees sustained by these Counterclaim Defendants.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Thomas N. Spyker   (0098075)
**Reminger Co., LPA**
200 Civic Center Drive, Suite 800
Columbus, OH 43215
(614) 232-2420; FAX (614) 232-2410
tspyker@reminger.com
*Counsel for the Counterclaim Defendants*

## **JURY DEMAND**

Now come Defendants and hereby requests a jury to hear all of the issues of this case.

/s/ *Thomas N. Spyker*
Thomas N. Spyker (0098075)

## **CERTIFICATE OF SERVICE**

I hereby certify a true and accurate copy of the foregoing was served via the court's electronic filing system, this 5th day of August 2025 upon all parties of record.

/s/ *Thomas N. Spyker*
Thomas N. Spyker (0098075)

# Exhibit A

## Jonathan Robe

| | |
|---|---|
| **From:** | Daniel Klos <klosdhesq@aol.com> |
| **Sent:** | Thursday, December 19, 2024 7:16 PM |
| **To:** | Jonathan Robe |
| **Cc:** | Gregory Smith |
| **Subject:** | Fwd: Greg Smith Transition advisory committee |

Thank you. Please be comfortable to address me as Dan. I shall notify Mr. Smith of your most courteous response.

Begin forwarded message:

**From:** Jonathan Robe <jonathan.robe@robelawoffice.com>
**Subject: RE: Greg Smith Transition advisory committee**
**Date:** December 19, 2024 at 6:32:00 PM EST
**To:** Daniel Klos <klosdhesq@aol.com>

Dear Attorney Klos,

Thank you very much for your letter, dated December 19, 2024 advising of Mr. Smith's application to serve on the advisory commission formed for the implementation of Issue 23.

I'm heartened to hear that members of the Nelsonville community, such as Mr. Smith, are putting themselves forward to serve the public during the transition. I therefore thank you very kindly for letting me know of Mr. Smith's application.

Thank you also for indicating I have permission to speak directly with Mr. Smith regarding his application and potential appointment to the advisory commission. Just so you know, as may be necessary, I anticipate I will periodically check in with you to confirm I still have your permission to speak directly with him, as I anticipate the advisory commission will likely serve for some months.

Thanks again for your letter. Have a very Merry Christmas and New Year!

Best regards,
Jonathan

**From:** Daniel Klos <klosdhesq@aol.com>
**Sent:** Thursday, December 19, 2024 2:52 PM
**To:** Jonathan Robe <jonathan.robe@robelawoffice.com>
**Cc:** gregory Smith <gas238@gmail.com>
**Subject:** Greg Smith Transition advisory committee

1



**Daniel H. Klos Law Office**
**1911 Country Place**
**Lancaster, Ohio 43130**
**Voice 1-614-261-9581**
**Fax 1-614-262-5732**

9:00 a.m-4:00 p.m. M-F

This contains confidential information. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopies information is not permissible. If you have received this telecopy in error, please immediately notify us by telephone at the number above to arrange for return of the original documents. Thank you.



**Daniel H. Klos Law Office**
**1911 Country Place**
**Lancaster, Ohio 43130**
**Voice 1-614-261-9581**
**Fax 1-614-262-5732**

9:00 a.m-4:00 p.m. M-F

This contains confidential information. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopies information is not permissible. If you have received this telecopy in error, please immediately notify us by telephone at the number above to arrange for return of the original documents. Thank you.

3